UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 4:11-CR-1-3 |
| § | |
| EDWIN RIVERA-OTERO; aka BARROSO; § | |
| aka GARY CHARVER SEGURA-VIVEROS; § | |
| aka EDWIN OTERO-RIVERA § | |

**OPINION AND ORDER**

**ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

Pending before the Court in the above referenced proceeding is Defendant Edwin Rivera-Otero's, § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 534) and Supplements to § 2255 (Docs. 554, 567, 568, 577); the United States' Response and Motion for Summary Judgment (Doc. 585); Defendant's Reply to the Government's Motion for Summary Judgment (Doc. 596); and Judge Stacy's Memorandum and Recommendation that the Court deny the § 2255 Motion and grant the United States' Motion for Summary Judgment (Doc. 615). Defenant filed objections to the Memorandum and Recommendation. (Doc. 623).

**Standard of Review**

Objections timely filed within fourteen days of entry of the United States magistrate judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 59(b)(2); *United States v. Moreno*, No. CR H-03-235, 2017 WL 635503, at *2 (S.D. Tex. Feb. 16, 2017) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)). The court does not have to consider "frivolous, conclusive, or general objections." *Moreno*, 2017 WL 635503, at *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per

curiam)). Findings by the magistrate judge to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Where the Movant untimely filed objections or did not specifically object to findings of the magistrate judge, after a warning, the Court will review the memorandum and recommendation only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *Wilson*, 864 F.2d at 1221); *see Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (holding that where a party was advised that he must timely file objections, and he did not timely file objections, that he is entitled only to plain error review of the magistrate judge's recommendation). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Once a defendant has been convicted and has exhausted or waived his or her right to appeal, a Court may presume that he or she "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam). There are four grounds on which a defendant may move to vacate, set aside, or correct his or her sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the

[district] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant can challenge [his or her] conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his[ or her] procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

Subsequent to the Report and Recommendation being issued and the filing of Defendant's objections, Rivero-Otero filed a Motion for Leave to Amend based upon the recent decision in *Sessions v. Dimaya*, 138 S.Ct 1204 (2017). This Court grants the Motion to Amend to the extent that it allows Defendant to make this new argument. Nevertheless, the Court denies this new argument for much the same reason it denied Defendant's argument based upon the decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016). All of these holdings apply to the ambiguity found in the residual clauses of 18 U.S.C. § 924 and 18 U.S.C. § 16b. Defendant was not convicted under either of these residual clauses. He was convicted for a violation of 18 U.S.C. § 924(c)(1)(A) which makes it a crime for an individual to use or carry a fire arm during and in relation to a drug trafficking crime. As such Defendant's reliance on *Dimaya* is misplaced.

The Court has carefully reviewed, *de novo*, the filings, the applicable law, the Magistrate Judge's Memorandum and Recommendation, and the objections thereto. Based upon this review, the Court hereby adopts the Magistrate Judge's Memorandum and Recommendation as its own. Accordingly, it is hereby

**ORDERED** that the United States' Motion for Summary Judgment (Doc. 585) is

**GRANTED**, the Defendant's Motion for Leave to Amend (Doc. 631) is granted in party and denied in part; the Defendant's § 2255 Motion (Doc. 534) is **DENIED**, and his Objections (Doc. 623) are **OVERRULED**. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, this 16th day of October, 2018.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE